57 F.3d 1061
NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
 Edward W. SEELEY, Petitioner, Appellant,
v.
UNITED STATES of America, Respondent, Appellee.
 No. 95-1043.
 United States Court of Appeals,
First Circuit.
 June 8, 1995.
 
 Edward W. Seeley on brief pro se.
 Donald K. Stern, United States Attorney, and June C. Seraydar, Assistant United Attorney, on brief for appellee.
 D.Mass.
 AFFIRMED.
 Before TORRUELLA, Chief Judge, SELYA and BOUDIN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner Edward W. Seeley appeals pro se from the dismissal of his second petition under 28 U.S.C. Sec. 2255. For the following reasons, we affirm.
 
 
 2
 In February 1987, a federal grand jury returned a superseding indictment charging petitioner with conspiracy in violation of 18 U.S.C. Sec. 371 (count I); conspiracy to interfere with commerce by robbery in violation of 18 U.S.C. Sec. 1951 (count II); two counts of interference with commerce by robbery in violation of 18 U.S.C. Secs. 2, 1951 (counts III and IV); armed bank robbery in violation of 18 U.S.C. Secs. 2, 2113(d) (count V); and possession of money stolen from a bank in violation of 18 U.S.C. Secs. 2, 2113(c) (count VII). On February 24, 1988, a jury acquitted petitioner of the two conspiracy charges, but convicted him of the remaining four charges. The district court sentenced petitioner to a total of thirty-five years imprisonment.
 
 
 3
 We affirmed petitioner's conviction on direct appeal. United States v. Seeley, 892 F.2d 1 (1st Cir. 1989). On May 18, 1992, petitioner filed his first Sec. 2255 motion. He alleged that counts IV and V were multiplicitous. The district court vacated the sentence on count V, but left unchanged the total punishment time. Petitioner appealed from this decision, and we affirmed. United States v. Seeley, 7 F.3d 219 (1st Cir. 1993) (table) (per curiam). On August 8, 1994, petitioner filed his second Sec. 2255 motion, claiming that (1) his convictions on counts III and IV violate the Double Jeopardy Clause and the doctrine of collateral estoppel because he was acquitted of the two conspiracy charges; and (2) his thirty- five year sentence violates due process because the district court considered evidence of his involvement in the conspiracy. The district court dismissed the petition on the ground that "petitioner is not entitled to the relief he seeks." This appeal ensued. Because the district court disposed of the instant case on the merits (rather than on abuse of the writ ground), we shall do likewise.
 
 
 4
 In support of his claim that his convictions on counts III and IV violate the Double Jeopardy Clause and the doctrine of collateral estoppel, petitioner argues that these counts are multiplicitous with counts I and II. This argument is meritless. First, double jeopardy is not implicated here since there was a single trial and petitioner, who was acquitted of the conspiracy charges, did not receive multiple punishments for the offenses of conspiracy and interference with commerce by robbery. See United States v. Dixon, 113 S. Ct. 2849, 2855 (1993) (observing that the Double Jeopardy Clause protects against successive prosecutions and successive punishments for the same offense); United States v. Flores- Rivera, 1995 WL 318726 at * 11, n.5 (1st Cir. June 1, 1995). Second, a substantive crime and a conspiracy to commit that crime are not the same offense for double jeopardy purposes. United States v. Felix, 503 U.S. 378, 389-92 (1992); Callanan v. United States, 364 U.S. 587, 597 (1961) (conspiracy to violate the Hobbs Act and a substantive violation of the Hobbs Act based on the same conduct are two separate offenses even though both offenses violate the same statute). Finally, although the doctrine of collateral estoppel bars relitigation of issues previously determined in a defendant's favor, it does not, contrary to petitioner's suggestion, require the verdict rendered at a single trial to be entirely consistent. See United States v. Console, 13 F.3d 641, 664-65 & n.28 (3d Cir. 1993), cert. denied, 114 S. Ct. 1660 (1994).
 
 
 5
 Petitioner's due process argument is equally unavailing. It is well-established that a sentencing court may consider relevant conduct-including the facts underlying an acquittal----in determining the length of a defendant's sentence. See United States v. Mocciola, 891 F.2d 13, 16-17 (1st Cir. 1989) (sentencing court may consider facts underlying prior acquittal); United States v. Wright, 873 F.2d 437, 441 (1st Cir. 1989) (observing that past practice, and authoritative case law, indicates that the Constitution does not, as a general matter, forbid consideration of relevant conduct). Assuming, arguendo, that the sentencing court in the instant case considered evidence of petitioner's involvement in the conspiracy in determining the length of his sentence, this was not error.
 
 
 6
 Affirmed.